IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREGORY RYAN WEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:24-cv-00706 |
| v. ) | |
| ) | Judge Trauger |
| MIDDLE TENNESSEE MENTAL ) | Magistrate Judge Frensley |
| HEALTH INSTITUTE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Gregory Ryan Webb, a resident of Lebanon, Tennessee,[1] filed this pro se action under 42 U.S.C. § 1983. (Doc. No. 1). He filed an initial complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983 against the Middle Tennessee Mental Health Institute ("MTMHI") followed by an amended complaint (Doc. No. 14), also asserting Section 1983 claims, against MTMHI, Cumberland Mountain Mental Health, and Danni Weist.[2] Plaintiff is proceeding in forma pauperis. (Doc. No. 19).

By Memorandum Opinion and Order entered on October 4, 2024, the court granted Plaintiff's motion to remove the MTMHI as a defendant to this action, denied Plaintiff's motions for injunctive relief and protective orders, denied Plaintiff's motion to seal records, denied his motion to appoint counsel, denied his motion for a continuance, and screened the amended

---

[1] Plaintiff notes that his temporary address while he is out of town for work is in Waverly, Illinois. (Doc. No. 14 at 1).

[2] Plaintiff's spelling of this Defendant's last name varies from document to document and case to case, but the Court confidently concludes that in each instance Plaintiff is referring to the same individual. Herein, the Court adopts the spelling first used by Plaintiff in his amended complaint. (Doc. No. 14).

1

complaint as is required for complaints filed in forma pauperis. (Doc. No. 27). The court determined that the amended complaint failed to state a claim upon which relief can be granted under Section 1983. However, considering Plaintiff's pro se status, the court permitted Plaintiff an opportunity to amend his complaint to more clearly articulate his Section 1983 claims against Defendant Weist and Weist's employer. The court instructed Plaintiff to file an amended complaint, if he so desired, no later than 30 days after entry of the court's Memorandum Opinion and Order. The court alerted Plaintiff that if he submitted a timely amended complaint within the proscribed period, the court would screen the amended complaint upon receipt; however, if Plaintiff failed to submit an amended complaint within the 30-day period, this action would be dismissed. Plaintiff now has filed multiple motions as well as a Motion to Amend Complaint.

## I. MOTION TO APPOINT COUNSEL

First, Plaintiff has filed another Motion to Appoint Counsel (Doc. No. 30). The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike in criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

In support of his request for the appointment of counsel, Plaintiff states that he is unable to afford an attorney; "[a]ny discovery secured by medical entities would be [a] challenge for [him] to retrieve as pro se"; he is "buried" with legal document; and he "is repeating [himself]

with creating burden to the Clerks." (Doc. No. 30 at PageID# 348). At this time, the Court finds that Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel, although the court appreciates Plaintiff's recognition of the burden his voluminous filings have placed on the Clerk's Office staff. Plaintiff's Motion to Appoint Counsel (Doc. No. 30) is **DENIED WITHOUT PREJUDICE**. However, Plaintiff may renew his request later, if appropriate.

## II. MOTION TO AMEND

Plaintiff has filed a Motion to Amend the amended complaint (Doc. No. 33) and, along with his motion, has attached a proposed Third Amended Complaint (*id*. at Attach. 1). Plaintiff indicates that the proposed Third Amended Complaint is his "final" complaint. (*Id*.)

Rule 15(a) (2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

There appears to be no undue prejudice to the opposing parties by permitting Plaintiff to amend his complaint as desired at this time; no Defendants have been served. As the court will explain *infra*, some of Plaintiff's claims survive the required screening, thus, Plaintiff's amendments are not futile. Thus, Plaintiff's Motion to Amend (Doc. No. 33) is **GRANTED**. Henceforth, the Third Amended Complaint (Doc. No. 33-1) is the operative pleading in this case.

## III. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

The court must dismiss any action filed in forma pauperis if it is frivolous or malicious,

3

fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, the Third Amended Complaint (Doc. No. 33-1) alleges that "Defendants to this case acted through color of state law in their official capacities through both the Mt. Juliet police department and the State of Tennessee Mental Health Institute" to make Plaintiff "appear delusional, incompetent, and unworthy single parent with full custody of [his] son." (*Id*. at PageID# 368). On May 4, 2024, Plaintiff voluntarily visited the Mt. Juliet Police Department, but the sergeant with whom Plaintiff talked "wouldn't listen and ignored" Plaintiff. (*Id*.) That sergeant then "used the 'in-house' mental health supervisor, Dani Wiest, to commit excessive force against [Plaintiff] by detaining" Plaintiff. (*Id*. at PageID # 369). According to the complaint, Weist "commanded" Plaintiff's involuntary transfer to "the Vanderbilt mental health facility in Lebanon, TN" and then to the "State facility in Nashville." (*Id*. at PageID# 370). Plaintiff believes that he was purposefully prescribed medication that altered his mental and

physical states. Plaintiff alleges that "Cumberland Mountain Health also known as Volunteer Behavioral Health" participated in, or at least endorsed, Weist's actions on "through and for" the Cumberland County Sheriff's Department, Cumberland County Court, and Mt. Juliet Police Department. (*Id*. at PageID# 373-74).

Plaintiff names three Defendants to this action and asserts claims under Section 1983 against them: Weist and his/her purported employer, Cumberland Mountain Mental Health Services, and the Mount Juliet Police Department. (Doc. No. 33-1 at PageID# 376). "There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn*., 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)). Plaintiff has alleged sufficient facts to allow some, but not all, of his claims to continue.

The court begins with the claims against the Mount Juliet Police Department. The "federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." *Mathes v. Metro. Gov't*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (Trauger, J.) (collecting cases); *accord Campbell v. Cheatham Cty. Sheriff's Dep't*, 511 F. Supp. 3d 809, 824-25 & n.12 (M.D. Tenn. 2021) (Crenshaw, C.J.) (dismissing the Section 1983 claim against the sheriff's department as redundant of the claim against the county, and noting that sheriff's departments "are not proper parties to a § 1983 suit"), *aff'd*, 47 F.4th 468 (6th Cir. 2022).[3] Thus, Plaintiff's Section 1983 claims against the Mount Juliet Police Department must be dismissed.

---

[3] The appeal in *Campbell* addressed only whether the deputy whose motion for summary judgment was denied was entitled to qualified immunity. To this court's knowledge, the Sixth Circuit has never expressly held that sheriff's departments in Tennessee are not government

5

Next, the court considers Plaintiff's claims against Weist and Cumberland Mountain Mental Health Services. The court previously noted that the amended complaint had failed to allege that the entity "Cumberland Mountain Mental Health" was a state actor and therefore Plaintiff's Section 1983 claims against that entity were subject to dismissal. (*See* Doc. No. 27 at PageID# 334).[4] In his Third Amended Complaint, Plaintiff abandoned his claims against "Cumberland Mountain Mental Health and instead named Cumberland Mountain Mental Health Services as a Defendant, alleging that it and Weist have a relationship with one another and with the Mount Juliet Police Department. Indeed, the Third Amended Complaint alleges that Weist and Cumberland Mountain Mental Health Services (the entity, not the building housing the entity) acted at the behest of, or on behalf of, local police departments with respect to Plaintiff's involuntary commitments.

At this early stage of the litigation, the record is not sufficiently developed as to the existence, nature, and scope of a relationship between Weist and/or Cumberland Mountain Mental Health Services. However, for purposes of the required screening, the court finds that the complaint sufficiently alleges that Defendant Weist and/or Cumberland Mountain Mental Health Services have a relationship with the Mount Juliet Police Department such that they are "state actors" (acting under color of state law) for Section 1983 purposes.

---

entities capable of being sued, but it has suggested as much on several occasions, and it has confirmed that when a plaintiff erroneously sues "a non-juridical police department, the plaintiff often can easily fix this error by suing the city or county that operates the department." *Lopez v. Foerster*, No. 20-2258, 2022 WL 910575, at *6 (6th Cir. Mar. 29, 2022) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).

[4] The court also found that, to the extent Plaintiff names a building (Cumberland Mountain Mental Health) as a defendant, a building is "not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983." (Doc. No. 27 at PageID# 333) (citing *McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases)).

6

Case 3:24-cv-00706   Document 36   Filed 06/25/25   Page 6 of 10 PageID #: 410

"The Fourth Amendment requires an official seizing a person for a psychiatric evaluation to have probable cause to believe that the person is dangerous to himself or others." *Monday v. Oullette*, 118 F.3d 1099, 1102 (6th Cir. 1997). The Third Amended Complaint alleges that Defendants Weist and/or Cumberland Mountain Mental Health Services violated Plaintiff's Fourth Amendment rights by involuntarily committing him without probable cause. This allegation states colorable Section 1983 claims against Weist in his/her individual capacity and Cumberland Mountain Mental Health Services.

Next, the Third Amended Complaint alleges that Defendants violated Plaintiff's right to Due Process under the Fourteenth Amendment when they failed to follow Tennessee's involuntary commitment statute.[5] State laws do not create federally protected liberty interests except when "(1) the state [law] places substantive limitations on official conduct by using explicitly mandatory language in connection with requiring specific substantive predicates, and (2) the state law requires a specific outcome if those substantive predicates are met." *Fields v. Henry Cnty., Tenn.*, 701 F.3d 180, 185-86 (6th Cir. 2012) (quoting *Gibson v. McMurray*, 159 F.3d 230, 233 (6th Cir.1998) (internal quotation marks omitted)). Plaintiff has alleged a protected liberty interest under the Fourteenth Amendment to be detained only in accordance with Tennessee's involuntary commitment law. These allegations state colorable Fourteenth Amendment claims under Section 1983 against Weist in his/her individual capacity and Cumberland Mountain Mental Health Services.

---

[5] Tennessee's involuntary commitment law, Tenn. Code Ann. § 33-6-401 *et seq.*, creates the process to detain a person for involuntary commitment to mental health treatment. For an overview of the process, *see Hargis v. Overton County*, No. 2:22-cv-00011, 2023 WL 7930045, at *2 (M.D. Tenn. Nov. 15, 2023).

The Third Amended Complaint arguably also states colorable state-law false imprisonment, assault, and battery claims against Weist and/or Cumberland Mountain Mental Health Services. Title 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

*Id*. The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." *Id*. at § (c)(3).

Having failed to dismiss all of Plaintiff's federal claims, the court shall exercise supplemental jurisdiction to hear Plaintiff's state-law claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. Any false imprisonment, assault, and/or battery claims related to Plaintiff's alleged involuntary commitments likely form part of the same case or controversy as Plaintiff's federal claims.

## IV. MOTION TO CONSOLIDATE CASES

Plaintiff has filed a Motion to Consolidate Cases. (Doc. No. 31). His motion asks the court to consolidate <u>all</u> cases Plaintiff has pending in this court and in the Central District of Illinois at Springfield. Those requests must be denied as overbroad.

The Honorable Eli Richardson has transferred one of Plaintiff's cases filed in this district, Case No. 3:24-cv-00956, to the undersigned as a "related case" pursuant to Administrative Order No. 176. The undersigned finds that consolidation of the instant case and related Case No. 3:24-cv-00956 is appropriate. Accordingly, Plaintiff's motion (Doc. No. 31) is **DENIED IN PART**

8

and **GRANTED IN PART**. It is granted insofar as this case will be consolidated for all purposes with Case No. 3:24-dcv-00956.

## V. OTHER MOTIONS

Plaintiff also has filed a "Motion and Supporting Memorandum re Summons" (Doc. No. 34) and a "Motion and Supporting Memorandum" (Doc. No. 35) which the court construes as a motion asking the court to issue summonses in this case.

The court could not proceed with the issuance of summonses until it had conducted the required screening of the in forma pauperis complaint. Having now done so, Plaintiff's motions (Doc. No. 34 and 35) are **GRANTED**, as set forth below.

## VII. CONCLUSION

In summary, the following motions filed by Plaintiff were granted herein: Doc. Nos. 33, 34, 35. Plaintiff's Motion to Appoint Counsel (Doc. No. 30), however, was denied. Plaintiff's Motion to Consolidate Cases (Doc. No. 31) was denied in part and granted in part.

This case is **CONSOLIDATED** for all purposes with Case No. 3:24-dcv-00956. All filings should be made under Case No. 3:24-cv-00706.

Accordingly, the Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for Defendants Danni Weist and Cumberland Mountain Mental Health Services. Plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **30 DAYS** of the entry of this order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packets, the Clerk is **DIRECTED** to issue summons(es) to the U.S. Marshals Service for service on Defendant(s). Fed. R. Civ. P. 4(b) and 4(c)(3).

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a report and recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court. The court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the court from dismissing any claim at any time for seasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

Plaintiff is forewarned that his prosecution of this action will be jeopardized if he should fail to keep the clerk's office informed of his current address.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge