# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

GREGORY RYAN WEBB, )
)
Plaintiff, )
)
v. ) Case No. 3:24-cv-00706;
) Consolidated Case. No 3:24-cv-000956
MIDDLE TENNESSEE MENTAL ) Judge Trauger / Frensley
HEALTH INSTITUTE et al., )
)
Defendants. )

## REPORT AND RECOMMENDATION

This pro se action is before the undersigned on Plaintiff Gregory Ryan Webb's motions for a temporary restraining order. Docket Nos. 38 and 39. For the reasons discussed herein, the undersigned recommends the motions be **DENIED**.

## I. BACKGROUND

Plaintiff Gregory Ryan Webb, proceeding pro se and in forma pauperis, filed his original complaint on June 7, 2024. Docket No. 1. His Third Amended Complaint ("TAC" or "complaint"), is the operative complaint now before the court. Docket No. 37.

On initial screening of the TAC, the district judge noted Plaintiff named three defendants: Dani Wiest, Cumberland Mountain Mental Health Services ("Cumberland"), and the Mount Juliet Police Department. Docket No. 37, p. 1. The district judge dismissed the police department from the action. Docket No. 36, p. 5. The district judge found the complaint sufficiently alleged that Wiest and/or Cumberland had a relationship with the Mount Juliet Police department such that they were state actors for purposes of § 1983. *Id.* The district judge found the complaint alleged that Wiest and/or Cumberland violated Plaintiff's Fourth Amendment rights by involuntarily committing him without probable cause. *Id.* at 7. The district judge found the complaint stated

colorable § 1983 claims against Wiest in his/her individual capacity and against Cumberland. *Id.* The district judge concluded Plaintiff's allegation that defendants violated Plaintiff's rights to due process under the Fourteenth Amendment when they failed to follow Tennessee's involuntary commitment statute stated a colorable claim. *Id.* The district judge held Plaintiff alleged a protected liberty interest under the Fourteenth Amendment to be detained only in accordance with Tennessee's involuntary commitment law and that these allegations stated colorable § 1983 claims against Wiest in his/her individual capacity and against Cumberland. Id. The district judge concluded Plaintiff stated colorable state law claims for false imprisonment, assault, and battery against Wiest and/or Cumberland. Id. at p. 8. The district judge consolidated this matter for all purposes with Case No. 3:24-cv-00956. *Id.*

## II.   LAW AND ANALYSIS

Plaintiff' has filed a renewed motion for a Temporary Restraining Order (TRO) pursuant to Federal Rule of Civil Procedure 65. Docket No. 38. Plaintiff seeks to prevent Jessica Hill, a person Plaintiff states he formerly dated and who is a non-party to this lawsuit, from filing "bogus" orders of protection against him in Rhea County, Tennessee. Id. at p. 1. Plaintiff alleges Hill participated in a conspiracy to obstruct justice that allowed his 12-year-old son to be kidnapped. *Id.* at 5. He alleges Hill stalked and attempted to harass and intimidate him. Id. at p. 7. He seeks injunctive relief to prevent Hill from committing any further acts against him, as well as a hearing if needed. Id. at pp. 3, 8.

Plaintiff filed a second motion and supporting memorandum again outlining his claims of wrongfully asserted complaints against him in order to make him appear incompetent as a witness by creating an impression of him as an abuser. Docket No. 39. The Plaintiff repeats his request set forth in his other motion that the Court enter a temporary restraining order on his behalf.

2

Federal Rule of Civil Procedure 65 requires, among other things, that the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); see also M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties). Plaintiff states that "there is no opposing counsel to confer with," although non-party Hill is aware that he has filed lawsuits.   Docket No. 38, p. 1.

Under Rule 65(b) of the Federal Rules of Civil Procedure, the Court may issue a TRO only if the Court finds that "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  In addition, the Court considers the following factors when determining whether to grant a TRO: (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO].  *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).

Like a preliminary injunction, a TRO "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (quoting *473 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948 (2d ed. 1995)). Moreover, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial of the merits can be had. *Certified Restoration Dry Clean Network, LLC v. Tenke Corp.*, 511 F. 3d 535, 542 (6th Cir. 2007)(*quoting University of Texas v. Camenisch*, 451 U. S. 390, 395

3

(1981)). The decision as to whether to issue a preliminary injunction is committed to the trial court's discretion. *N. E. Ohio Coal v. Blackwell*, 467 F. 3d 999, 1009 (6th Cir. 2006). [T]he proof required for the Plaintiff to obtain a preliminary injunction is more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F. 3d 729, 739 (6th Cir. 2000).

What Webb seeks in his motions is not maintenance of the status quo pending trial. Instead, he asks the Court to order Jessica Hill, who is not a party to this action, to stop filing "bogus" orders of protection against him in Rhea County, Tennessee. Docket No. 38.

As an initial matter, the Plaintiff's motions are neither supported by a Verified Complaint, affidavit or any other acceptable evidence. Further, the Plaintiff provides no legal authority for this Court to enter a restraining order against Ms. Hill, who is not even a party to this lawsuit, from seeking legal remedies available to her under state law. Finally, the Plaintiff's recitation of the allegations in his Complaint about a vast conspiracy against him do not address the specific factors the Court must consider in determining whether injunctive relief is appropriate.

Setting aside any procedural defects in Plaintiff's motion, there is no likelihood of success on the merits. To the extent that the Plaintiff wants the Court to undo or set aside any restraining orders obtained by Ms. Hill in Rhea County, Tennessee, the Court is without jurisdiction to do so. This court does not have jurisdiction to act when a "state-court decision itself is the source of the injury." *Darden v. Montgomery Cnty. Bd. of Comm'r*, Case No. 23-3501, 2024 WL 3814048, at *3 (6th Cir. Aug. 14, 2024) (citation modified). Plaintiff must seek recourse from the state court that issued the order unless "there is some other source of injury, such as a third party's actions." *Id.* Accordingly, to the extent Plaintiff seeks to have an order of protection against him removed, and to the extent the motions seek an order of protection against non-party Hill, the motions for immediate injunctive relief (Docket Nos. 38 and 39) should be **DENIED**.

4

To the extent Plaintiff's request is that the Court enter a restraining order against Ms. Hill to prevent her from seeking legal redress in state court, it is equally unpersuasive. Apart from the fact that Ms. Hill is not a party to this action, the Plaintiff has offered nothing beyond conclusory statements about Ms. Hill's conduct. Further, the Court believes that it would be a better exercise of discretion to allow the Court to which Ms. Hill petitions to determine the credibility of any statements she makes rather than for this Court to prohibit her from accessing the state judicial system based upon the incomplete record currently before the Court. Given Plaintiff's due process rights in the underlying state proceedings, the Plaintiff cannot satisfy any of the elements for injunctive relief as to Ms. Hill in this Court.

### III.    CONCLUSION

Based on the foregoing, the undersigned recommends that Plaintiff's renewed motions for a Temporary Restraining Order ("TRO") (Docket No. 38 and 39) be **DENIED.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

5