# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **GREGORY RYAN WEBB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3: 24-cv-706;** |
| | ) | **Consolidated Case. No. 3:24-cv-956** |
| **MIDDLE TENNESSEE MENTAL** | ) | **Judge Trauger / Frensley** |
| **HEALTH INSTITUTE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

This pro se 42 U.S.C. § 1983 action is before the undersigned on a motion to dismiss for insufficient process, insufficient service of process, and lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5), filed by defendant Volunteer Behavioral Health Care System, d/b/a Cumberland Mental Health Services, Inc. ("VBHCS" or "Cumberland)." Docket No. 45. VBHCS has also filed a supporting memorandum. Docket No. 46. Mr. Webb has not responded to the motion. For the reasons set forth below, the undersigned recommends Defendant's motion (Docket No. 45) be granted and the action be dismissed as to VBHCS.

Also before the undersigned are Plaintiff's motions to amend his complaint, and for various other (tangentially) related relief. Docket Nos. 53, 56, 60, 64, 66. The motions should be denied as moot or futile.

## I.    BACKGROUND

Plaintiff Gregory Ryan Webb,[1] proceeding pro se and in forma pauperis, filed his original

---

[1] Since 2022, Webb has filed over thirty cases in this court, all proceeding IFP, except for one fee-paid case where noted. The following list does not include three pro se petitions for habeas corpus relief. The cases are: *Webb v. Worley et a*l, 2:22-cv-00026 (dismissed; not eligible to proceed

complaint on June 7, 2024.  Docket No. 1.  After several amendments to his complaint, the district judge granted Plaintiff leave to file a Third Amended Complaint ("TAC" or "complaint"), the operative complaint now before the court.  Docket Nos. 36, 37.

The district judge conducted the required initial screening for an IFP complaint.     The district court noted Plaintiff indicated that his TAC was his "final" complaint.  Docket No. 36, p. 3.  Plaintiff named three defendants in the TAC: Dani Wiest; Cumberland; and the Mount Juliet Police Department.  Docket No. 37, p. 1.  The district judge concluded the Mount Juliet Police Department was not a proper party for § 1983 purposes and dismissed it from the action.  Docket

IFP); *Webb v. Webb et al*, 2:22-cv-00054 (dismissed without prejudice for failure to comply with court order); *Webb v. Webb et al*, 2:23-cv-00009 (dismissed for failure to state a claim); *Webb v. Board of Judicial Conduct et al,* 2:23-cv-00010 (dismissed without prejudice for lack of standing and for failure to state a claim); *Webb v. Webb*, 2:23-cv-00012 (dismissed without prejudice for failure to state a claim); *Webb v. Fickling et al*,  2:23-cv-00013 (dismissed for failure to state a claim); *Webb v. McKenzie,  et al*, 2:23-cv-00014 (voluntarily dismissed); *Webb v. Dunaway et al* 2:23-cv-00017 (dismissed without prejudice as frivolous and duplicative); *Webb v. Mayberry*, 2:23-cv-00025 (dismissed without prejudice for failure to state a claim); *Webb v. Tracking System*, 2:23-cv-00029 (dismissed for failure to state a claim); *Webb v. Webb et al*, 2:23-cv-00032 (dismissed without prejudice for failure to prosecute and failure to pay the filing fee); *Webb v. Powers, et al*, 2:23-cv-00065 (fee-paid; pending);*Webb v. First Realty et al*, 2:24-cv-00034 (dismissed for failing to comply with court order and for want of prosecution); *Webb v. Republican Party of Cumberland County TN*, 2:24-cv-00039(dismissed with prejudice as barred by statute of limitations);  *Webb v. TBI Agent,* 2:24-cv-00056, (dismissed with prejudice for failure to state a claim); *Webb v. 13th District DA's Office*, 2:24-cv-00068 (dismissed with prejudice for failure to state a claim); *Webb v. Gardner Mayberry et al*, 2:25-cv-00034 (pending); *Webb v. Middle Tennessee Mental Health Institute*, 3:24-cv-00706 (pending); *Webb v. Webb*, 3:24-cv-00819 (petition for writ of mandamus dismissed without prejudice for lack of subject matter jurisdiction); *Webb v. Weist et al*, 3:24-cv-00956 (pending); *Webb v. Board of Judicial Conduct TN et al*, 3:24-cv-01307, (transferred from N.D. Alabama); *Webb v. Hill et al*,  3:25-cv-00019 (motion to dismiss pending); *Webb v. DHS Dayton, TN et al*, 3:25-cv-00021 (complaint filed); *Webb v. Verizon Wireless Crossville, TN*, 3:25-cv-00022 (case pending); *Webb v. Sexton et al*, 3:25-cv-00394 (transferred from S.D.Ill.);     *Webb v. ADA Bateman*, 2:24-cv-00070 (dismissed with prejudice for lack of subject matter jurisdiction based on sovereign immunity); *Webb v. Ridley*, 2:25-cv-00007, (dismissed with prejudice); *Webb v. City of Crossville, TN et al*, 2:25-cv-00018 (pending); *Webb v. Fickling,* 2:25-cv-00059 (with pro se unit for initial review); *Webb v. Webb*, 2:25-cv-00061 (IFP complaint filed June 10, 2025); *Webb v. TN Unemployment et al*, 3:25-cv-00020 (motion to dismiss pending).

Case 3:24-cv-00706     Document 72     Filed 02/27/26     Page 2 of 13 PageID #: 817

No. 36, p. 5. The district judge found the complaint sufficiently alleged that Wiest and/or Cumberland had a relationship with the Mount Juliet Police department such that they were state actors for purposes of § 1983. Id. The district judge found the complaint alleged that Wiest and/or Cumberland violated Plaintiff's Fourth Amendment rights by involuntarily committing him without probable cause. Id. at p. 7. The district judge found that the complaint stated colorable § 1983 claims against Wiest in his/her individual capacity and against Cumberland. Id. The district judge concluded Plaintiff's allegation that defendants violated Plaintiff's rights to due process under the Fourteenth Amendment when they failed to follow Tennessee's involuntary commitment statute stated a colorable claim. Id. The district judge held Plaintiff alleged a protected liberty interest under the Fourteenth Amendment to be detained only in accordance with Tennessee's involuntary commitment law and that these allegations stated colorable § 1983 claims against Wiest in his/her individual capacity and against Cumberland. Id. The district judge concluded Plaintiff stated colorable state law claims for false imprisonment, assault, and battery against Wiest and/or Cumberland. Id. at p. 8. The district judge consolidated this matter for all purposes with Case No. 3: 24-cv-00956. Id.

## II.    LAW AND ANALYSIS

### A.    Volunteer Behavioral Health Care System's Motion to Dismiss

The instant motion followed. VBHCS moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5). Docket No. 45. In support of its motion, it states that it is a non-profit corporation that provides behavioral health services across Tennessee. Docket No. 46, p. 1. On August 27, 2025, a summons was delivered to one of VBHCS's satellite offices, Lebanon Campus of Volunteer Behavioral Health ("Lebanon Campus"), located at 1404 Winter Drive, Lebanon, Tennessee 37087. Docket No. 45-1. The summons named Danni Wiest,

"Cumberland Health Services," Mt. Juliet Police Department, and Tennessee Mental Health Institute as the defendants. Id. at p. 1. The complaint that was delivered with the summons named Middle Tennessee Mental Health Institute as the sole defendant and did not otherwise reference Cumberland Health Services, Lebanon Campus, or Volunteer Behavioral Health Care Systems in the body of the Complaint. Id. at pp. 3-10. Nevertheless, VBHCS asserts that the documents were accepted by Cindy Puckett, an officer manager at the Lebanon Campus office. Docket No. 46, p. 2. VBHCS argues that "Cumberland Health Services" is not a legal entity in Tennessee according to the Office of the Tennessee Secretary of State, nor does "Cumberland Mental Health Services, Inc." exist as a legal entity; rather, it is a "Doing Business As" name for a subsidiary of VBHCS. Id. at p. 2.

VBHCS contends that it is not clear who the parties to the lawsuit are because the summons names Cumberland Health Services, which is not an existing entity in Tennessee, while the complaint names Middle Tennessee Mental Health Institute as the sole defendant. Id. at 3. It argues that, assuming Plaintiff intended to serve Volunteer Behavioral Mental Health Care System d/b/a Cumberland Mental Health Services, Inc., he failed to do so in both the summons and complaint, and therefore the complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(4). Id. at pp. 3-4. It further argues that to the extent Plaintiff attempted to serve VBHCS, he failed to do so properly under Federal Rule of Civil Procedure 4(h) because the address included in the summons was the address for one of its satellite campuses, Lebanon Campus, which is neither the address of the principal office, nor the address of its registered agent. Id. at p. 4. It further argues Cindy Puckett was not authorized to accept service on its behalf under federal or Tennessee law. Id.

On October 9, 2025, the undersigned entered an Order to Show Cause ("show cause

order"), directing Plaintiff to demonstrate by October 24, 2025, why his claims should not be dismissed for failure to prosecute or for the reasons stated in the motion to dismiss. Docket No. 47. The order warned that failure to comply with the order could result in dismissal of the action. Id.

Plaintiff responded to the show cause order in five separate filings, some of which he titled "motions." Docket Nos. 48, 50-52, 55. Plaintiff states he failed to respond to the motion to dismiss because of demands of other litigation, financial hardship, and personal circumstances. Docket No. 48, p. 2-7. Plaintiff does not address the jurisdictional or service deficiencies raised by VBHCS. See Docket No. 48. Nor has he complied with the show cause order or otherwise addressed why his claims should not be dismissed for failure to prosecute. Id. The caption of his first response does not name VBHCS, and the document makes no reference to this defendant. Id. Plaintiff's four subsequent filings repeat his earlier assertions and include narrative information that is rambling, convoluted, and unrelated to the issues raised in the show cause order. See Docket Nos. 50-52, 55.

VBHCS replied, arguing that none of Plaintiff's filings cure the defects in service, establish personal jurisdiction, or present any new facts or legal argument that would alter the analysis in its motion to dismiss. Docket No. 49, p. 2-5. It argues that the court should dismiss the action for failure to prosecute under Rule 41(b). Id. at pp. 3-7. The undersigned agrees.

Federal Rule of Civil Procedure 41(b) states that: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Rule 41(b) also recognizes the power of the district court to enter a sua sponte order of dismissal. *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Steward v. City of Jackson, Tenn.*, 8 Fed.Appx.294 (6th Cir. 2001). The authority of a court to

dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Link v. Wabash R. Co.,* 370 U.S. 626, 630-31 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999); *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366 (6th Cir.1997), *cert. denied*, 522 U.S. 868, 118 S. Ct. 178, 139 L. Ed. 2d 119 (1997).

A dismissal under Rule 41(b) "operates as an adjudication on the merits." *Id.* The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). The Sixth Circuit has cautioned that such a dismissal under Rule 41(b) is a harsh sanction which the court should order only in extreme situations showing a clear record of delay or contumacious[2] conduct by the plaintiff. *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991) (citation modified).

In determining whether dismissal for failure to prosecute is appropriate, the court considers four factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Richter v. Am. Aggregates Corp.*, 522 F. App'x 253, 259 (6th Cir. 2013) (quoting *Knoll*, 176 F.3d at 363). While no one

---

[2] "Contumacious" is defined as "rebellious" or in defiance of a court order. Merriam-Webster Dictionary, www.merriam-webster.com/dictionary/contumacious (last visited February 4, 2026).

factor is determinative, "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737.

The Court is mindful that it should "afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules." *Thomas v. Liles*, No. 3:16-CV-251-JHM, 2016 WL 4940343 (W.D. Ky. Sept. 14, 2016) (citing *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991)). However, "the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case." *Id.* As the Sixth Circuit has explained, "the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Id.* (quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)) (citation modified). With these principles in mind, the undersigned addresses the factors outlined above.

For a plaintiff's actions to constitute bad faith, willfulness, or fault, they must "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)). This factor weighs heavily in favor of dismissal. While there is no evidence of bad faith on Plaintiff's part, his failure to respond to the motion to dismiss, to adequately respond to the show cause order requiring him to address the arguments set forth in the motion to dismiss, and his failure to attempt to cure the deficiencies in service outlined therein indicate willfulness or fault. Although Plaintiff filed his original complaint on June 7 7, 2024, service was not attempted until August 27, 2025, well beyond the 90-day deadline for timely service of process under Federal Rule of Civil Procedure 4(m). Docket Nos.

7

1, 42-43. When it was attempted, Plaintiff's service documents were so deficient that it was unclear what entities Plaintiff was naming as defendants, what entity he intended to serve, and how the allegations related to Volunteer Behavioral Health Care System. Docket No. 45-1. Plaintiff has yet to address this as he failed to properly respond to the motion to dismiss or to the show cause order. Nor has Plaintiff made additional attempts to serve Volunteer Behavioral Health Care System or any of its "doing-business-as" entities, despite being alerted by VBHCS in its motion to dismiss to problems with his service attempts and ordered by the court to respond. Docket No. 46, p. 2-5; Docket No. 47. The undersigned concludes Plaintiff's continued conduct demonstrates willfulness or fault.

Factor two, prejudice to the opposing party, heavily favors dismissal. A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is "required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 368 (6th Cir. 1997)). The plaintiff bears the burden of executing due diligence in perfecting service of process and showing that proper service was made. *Spencer v. Caracal Int'l*, LLC, 516 F.Supp.3d 755, 758 (M.D. Tenn. 2021). Moreover, "[a]ll parties have a right to a just and prompt resolution of their cases[;] [t]he failure to advance litigation . . . prejudices the [defendant] and reflects the type of situation where the [c]ourt should intervene." *Stacker v. Wal-Mart Inc.*, 2021 WL 6495024, at *3 (M.D. Tenn. Dec. 9, 2021), report and recommendation adopted, 2022 WL 125023 (M.D. Tenn. Jan. 12, 2022). Despite having filed suit in June 2024, Plaintiff has failed to serve VBHCS and has made no attempt to respond to the arguments raised in its motion to dismiss. VBHCS has spent significant time and expenses addressing this litigation to which it is not even sure it is a party.

Further, this action has been labor-intensive and time consuming, placing a significant

burden on this tax-supported court. The case is now approaching the two-year mark without any meaningful action by Plaintiff. *See Schafer,* 529 F.3d 736. Even under the more lenient standard afforded pro se litigants, the undersigned finds the complaint violates the principles and letter of the Federal Rules. The complaint presents a tangled web of conclusory accusations that frequently fail to correspond with any supporting facts. As such, it places an unfair burden on VBHCS and this court to attempt to determine which claims have merit and which are merely outlets for Mr. Webb's frustrations, primarily with persons and entities not before the court.

Notice, the third factor, is key to a court's determination as to whether dismissal is appropriate. *Schafer*, 529 F.3d at 737. Plaintiff was provided notice. The show cause order expressly warned Plaintiff that failure to comply with the order could result in the dismissal of his claims. Docket No. 47. Plaintiff's numerous filings in response to the show cause order lack any showing of good cause, or even rational explanation, as to why he failed to respond to the motion to dismiss. *See* Docket Nos. 48, 50-52, 55. Moreover, Plaintiff's stated reasons for his failure to respond are wholly of his own doing, i.e., costs and time associated with other litigation that he himself initiated. *See, e.g.*, Docket Nos. 51, 53. Finally, Plaintiff does not assert any external cause prohibited him from prosecuting his lawsuit. Considering all the circumstances, the notice factor favors dismissal.

The fourth factor, whether less drastic sanctions were imposed or considered before dismissal was ordered, favors dismissal. The show cause order provided Plaintiff with the opportunity to avoid dismissal and warned that dismissal could occur if Plaintiff failed to show good cause. *See* Docket No. 47; *Harper v. Houston*, 2020 WL 3260069, at *5 (W.D. Tenn. June 16, 2020) (show cause order constitutes consideration of less drastic measures prior to dismissal). Plaintiff failed to act on that opportunity.

9

Because all four factors weigh in favor of dismissal the undersigned recommends that VBHCS's motion to dismiss (Docket No. 45) be granted and the TAC be dismissed for failure to prosecute pursuant to Rule 41(b). The undersigned further recommends in its discretion that Webb's complaint be dismissed with prejudice as to all defendants for failure to prosecute.

## B. Plaintiff's Motions to Amend

Plaintiff has also filed four motions to amend his complaint or for more time to amend his complaint. Docket Nos. 53, 60, 64, 66. In support of his motions, he contends he has been "consumed" with other litigation and related cases. Docket No. 53, p. 1. He states that he has no money, he has no time to prosecute, and that he is proceeding pro se and does not have access to Westlaw or Lexis. *Id.* at 2. In one motion he simply states he wishes to amend his complaint to proceed under § 1985, "conspiracy against rights." Docket No. 60, p. 1.

Rule 15(a) (2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

Plaintiff does not describe the specific amendments he seeks to make to his pleading or what claims he seeks to add or revise. *See* Docket Nos. 53, 60, 64, 66. Such a motion can fail as a matter of procedure alone. *See Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551 (6th Cir. 2008) (court has no obligation to guess what the amendment would be); *Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619, 641 (6th Cir. 2018) (perfunctory amendment requests warrant denial).

10

Even assuming he did, Plaintiff's motion to amend is untimely.  Plaintiff filed his original complaint on June 7, 2024.  Docket No. 1.  On August 8, 2024, he filed an amended complaint without leave of court.  Docket No. 14.  On October 18, 2024, he filed a second amended complaint with leave of court.  Docket No. 28.  On June 25, 2025, he filed his  third amended complaint and indicated it was his "final" complaint.  Docket. No. 37.  The instant motions to amend were filed on November 1, 2025 and thereafter, almost seventeen months after his original pleading and well outside the 21-day amendment period provided by Rule 15(a)(1).  Plaintiff provides no reason why an amendment could not have been sought earlier, nor does he identify any new fact that would justify the delay.  *See Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (where the amendment follows lengthy delay and the movant provides no adequate explanation, denial is appropriate).

Further, amendment would be futile. Courts deny leave to amend where the proposed amendment cannot cure jurisdictional or procedural defects. *Riverview Health Inst. LLC v. Medical Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).  Plaintiff has never properly named or served VBHCS and his original complaint did not reference VBHCS at all.  Subsequent amended pleading referenced "Cumberland Mountain Mental Health" and "Cumberland Mental Health," neither of which is VBHCS.  Plaintiff states he has been "consumed" with other matters. Docket No. 53, p. 1.  Even generous construction for pro se litigants does not excuse noncompliance with service requirements. *Percival v. Girard*, 692 F. Supp. 2d 712, 720 (E.D. Mich. 2009).

Finally, the proposed amendment would not cure the substantive deficiencies identified in VBHCS's motion to dismiss.  "A proposed amendment is futile 'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'"  *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005)); s*ee also Greer v. Strange Honey Farm*, LLC, 114 F.4th 605, 614 (6th Cir. 2024) (while pro se litigants receive leniency, courts routinely hold pro se

11

parties to the same standards when amendments would cause delay or prejudice, or when the proposed amendment would not survive a Rule 12(b)(6) motion).

Plaintiff's proposed amendments, which he has not included, do not alter the outcome of the motion to dismiss. They would presumably challenge the same conduct he has been challenging since the inception of this lawsuit.[3] Any amendment would not remedy the fact that he has not corrected the defective service of process, has not responded to VBHSC's motion to dismiss, and has not complied with the show cause order. Plaintiff has provided no meaningful explanation for these failures and fails to address the jurisdictional issues before the court. The allegations in Plaintiff's filings consist of broad narrative assertions involving alleged political conspiracies, election misconduct, stalking, and unrelated grievances. *See* Docket Nos. 53, 60, 64, 66. Nothing in the instant motion to amend indicates any change that would establish personal jurisdiction, proper service, a viable federal claim against VBHCS, or any factual connection between VBHCS and the events alleged.

VBHCS has been prejudiced by being required to respond to Plaintiff's overzealous filing. See *Harom bv. CSX Trans. Inc*., 110 F.3d 364, 368 (6th Cir. 1997) (compelling a defendant to expend resources under such circumstances constitutes prejudice). Any amendment would further delay resolution and would require VBHCS to expend additional resources responding to claims and would not cure the extant jurisdictional and procedural defects. The undersigned concludes in its discretion the motions to amend should be denied.

### III.    CONCLUSION

Based on the foregoing, the undersigned recommends defendants' motion to dismiss, Docket No. 45, be **GRANTED** and the TAC (Docket No. 37) be dismissed as to VHBCS for

---

[3] Because Mr. Webb has not provided his proposed amendments, the Court can only guess.

failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  The undersigned further recommends Plaintiff's motions to amend his complaint, Docket Nos. 53, 60, 64, 66, be **DENIED**; and Plaintiff's motion for an extension of time for unspecified matter, Docket No. 56, be **DENIED**. Plaintiff's additional response to the show cause order, which he incorrectly titled as a "motion," Docket Nos. 52, should be **DENIED** or otherwise terminated.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**